GULF, C. & S. F. RY. CO. et al. v. CHAPPELL et al. (No. 318.)

(Court of Civil Appeals of Texas. Beaumont. April 17, 1918.)

NEGLIGENCE ☞23(2)—TURNTABLES—LOCK.

That the lock bar on a turntable was left in place by railroad employés using the turntable does not affect the liability of the company for injury to child playing on the turntable; such lock bar not being a secure fastening, but used simply to hold the turntable track in line when switching, and being easily shaken loose by trespassing children, and having been in fact shaken loose by children on the day of the injury.

Appeal from District Court, Milam County; J. C. Scott, Judge.

On rehearing.

For former opinion, see 201 S. W. 1037.

F. J. & C. T. Duff, of Beaumont, and Terry, Cavin & Mills, of Galveston, for appellants. A. J. Lewis and W. A. Morrison, both of Cameron, for appellees.

KING, J. Appellants have called our attention, in their motion for rehearing, to their supplemental brief containing their seventh assignment of error, which we overlooked when this case was under submission. Said assignment is to the effect that the court erred in its findings and conclusions that the defendants are liable herein, because the undisputed evidence shows that the turntable was on private property of defendants; that defendants had equipped the same with the lock bar, which held it fast and immovable; that after same was used by defendants before the accident the lock bar was properly placed so as to secure said turntable; that the injured child was a trespasser; that none of defendants' employés unlocked said turntable, but same was misplaced by some trespasser without defendants' knowledge or consent.

In support of this assignment appellants rely upon the testimony of John Chandler, who testified that the turntable was used on December 22d, three days prior to the accident to Clara Chappell, and R. Esquivilie, J. B. Scott, and H. W. Bridges, enginemen and trainmen in charge of the engine which was turned on the table on that date. They testified that the lock bar, which was a locking device to prevent said turntable

from moving, was left in place by them when they turned the engine on said day.

We are unable to find any testimony as to whether any other engine had been turned in the interim. This would not change the decision in this case, because the witness John Chandler testified that the iron bar did not lock the turntable like a lock and key; that the children could shake the iron bar loose, and that every time they played on it, they did shake it loose; that they found the turntable in this condition that day; and that they did shake the lock bar loose on the day when Clara Chappell was hurt. His testimony shows that the lock bar was, in fact, not a secure fastening, but was simply used for the purpose of holding the track on the turntable in line with the track on the switch leading to the turntable, and that all the children had to do was to get on the turntable and shake this lock bar loose.

We therefore overrule said assignment of error.